Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 North Main Street, Ste. 1000
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathleen Holt; And Sebastian Biagioni, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>Redbox Automated Retail, LLC,<br><br>                    Defendant. | Case No.: 11CV3046 DMS (RBB)<br><br>CLASS ACTION<br><br>First Amended Complaint For Damages And Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.<br><br>Jury Trial Demanded |

## INTRODUCTION

1.    Kathleen Holt ("Holt") and Sebastian Biagioni ("Biagioni"), collectively referred to hereafter as the "Plaintiffs," bring this First Amended Class Action Complaint for damages, injunctive relief, and any other available

legal or equitable remedies, resulting from the illegal actions of Redbox Automated Retail, LLC ("Defendant" or "Redbox"), in negligently and/or intentionally contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, the harm to Plaintiffs occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of San Diego, State of California because it conducts business there.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PARTIES**

9.   Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California.  Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (10).

10.  Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Delaware.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Defendant provides gaming and entertainment services to hundreds of thousands of consumers. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

**FACTUAL ALLEGATIONS**

11.  At all times relevant, Plaintiffs were citizens of the State of California.  Plaintiff are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (10).

12.  Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

13.  At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

14.  On or about December 14, 2011, Defendant sent a text message using short message script ("SMS") 727272 to Holt's cellular telephone.

15.  Plaintiff Holt, on or about December 15, 2011, responded to Defendant's last text message notification by replying "STOP".

16.  In response to receiving this "STOP" message, Defendant then sent an unsolicited, and illegal, marketing text message to Holt's cellular telephone (i.e., a "confirmatory" SPAM text message), which read:

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

> You are now unsubscribed from REDBOXALERTS, sorry to see you go.   For more info, visit http://ix.ly/727272. Msg&data rates may apply.

17. This unsolicited SPAM confirmatory text message placed to Holt's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), as prohibited by 47 U.S.C. § 227 (b)(1)(A), using SMS 727272.

18. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Holt incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

20. The unsolicited SPAM confirmatory text constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21. Plaintiff Holt did not provide Defendant or its agent prior express consent to receive the unsolicited SPAM confirmatory text message, pursuant to 47 U.S.C. § 227 (b)(1)(A), which was sent to Holt by Defendant on December 15, 2011. Holt does not take a position as to the prior express consent of the December 14, 2011, text message from Defendant.

22. The confirmatory SPAM text message did not merely confirm Holt's opt-out request, but included additional marketing information in the form of a link to a website for Redbox, soliciting Holt to visit Redbox's website by going to link at http://ix.ly/727272 for more information. The confirmatory text message also attempted to convince Holt to reconsider her opt-out decision, indicating that Redbox was "sorry to see you go," and then including a link that would direct Holt to Redbox's website.

/ / /

23. When a consumer clicks on this link, or enters this link into a web browser, the consumer is automatically directed to a website for Redbox, specifically, a webpage located at http://www.redbox.com/textclub/faq#textclubfaqs. This webpage explains, among other things, how to get special Redbox deals & freebies texted straight to your phone – including a free promo code every month!" This webpage also provides the consumer with easy access to search for Redbox locations, as well as movies and games from Redbox.

24. On or about December 21, 2012, Defendant sent a text message using short message script ("SMS") 727272 to Plaintiff Biagioni's cellular telephone.

25. Plaintiff Biagioni, on or about December 21, 2012, responded to Defendant's last text message notification by replying "STOP".

26. In response to receiving this "STOP" message, on the same day, Defendant then sent an unsolicited, and illegal, marketing text message to Biagioni's cellular telephone (i.e., a "confirmatory" SPAM text message), which read:

> You are now unsubscribed from Redbox Tickets Text Club and will not receive further messages. For more info, visit http://ix.ly/cs. Msg&data rates may apply.

27. This unsolicited SPAM confirmatory text message placed to Biagioni's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), as prohibited by 47 U.S.C. § 227 (b)(1)(A), using SMS 727272.

28. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Biagioni incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

30. The unsolicited SPAM confirmatory text constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

31. Plaintiff Biagioni did not provide Defendant or its agent prior express consent to receive the unsolicited SPAM confirmatory text message, pursuant to 47 U.S.C. § 227 (b)(1)(A), which was sent to Biagioni by Defendant on December 21, 2012. Biagioni does not take a position as to the prior express consent of the text message described in paragraph 24.

32. The confirmatory SPAM text message did not merely confirm Biagioni's opt-out request, but included additional marketing information in the form of a link to a website for Redbox, soliciting Biagioni to visit Redbox's website by going to link at http://ix.ly/cs for more information.

33. The confirmatory text message also attempted to convince Biagioni to reconsider his opt-out decision by directing him to Redbox's website, which website, among other things, encourages Biagioni to text "REDBOX" to "727272" to "get exclusive freebies & deals!"

34. When a consumer clicks on this link, or enters this link into a web browser, the consumer is automatically directed to a website for Redbox, specifically, a webpage located at https://redbox.custhelp.com/app/ask. This webpage also provides the consumer with easy access to search for Redbox locations, as well as movies, games and tickets from Redbox.

35. These unsolicited SPAM confirmatory text messages were sent by Defendant, or its agent, in violation of 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

37. Plaintiffs represent and are members of Class, which includes all persons within the United States who sent a reply text message, "STOP", or something similar, to Defendant in response to a text message sent by

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Defendant, and then received an unsolicited confirmatory text message from Defendant, which contained marketing material, including, but not limited to, a link to Defendant's website, within the four years prior to the filing of this First Amended Complaint.

38. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the members of the Class number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the members of the Class via their cellular telephones by using an unsolicited confirmatory text message, which contained marketing, solicitation, or attempted to convince the consumer to reconsider the decision to opt-put, thereby causing Plaintiffs and the members of the Class to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiffs and the members of the Class previously paid, and invading the privacy of said Plaintiffs and  members of the Class.  Plaintiffs and the members of the Class were damaged thereby.

40. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including, but not limited to, the following:

   a. Whether, within the four years prior to the filing of this First Amended Complaint, Defendant placed any unsolicited confirmatory SPAM text message/s to a member of the Class using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

   b. Whether the confirmatory text message/s contained marketing, solicitation, or attempted to convince the consumer to reconsider the decision to opt-out;

   c. Whether Plaintiffs and members of the Class were damaged thereby, and the extent of damages for such violation; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

43. As persons who received at least one confirmatory SPAM text message without prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

44. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Plaintiffs and members of the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such

illegal conduct. Because of the size of the individual claims of members of the Class, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

45.   Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

40.   Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

41.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.   Plaintiffs and the Class are also entitled to and seek injunctive relief

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

44.   Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

45.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the members of the Class the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF

### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Class $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each member of the Class $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

48.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 4, 2013                                 Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**


                                          By:   __/s/ Abbas Kazerounian, Esq._____
                                                ABBAS KAZEROUNIAN
                                                ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Kazerouni Law Group, APC, 2700 N. Main Street, Ste. 1000, Santa Ana, California 92705. On January 4, 2013, I served the within document(s):

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth below.

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

[x]    CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 5:00 p.m.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 4, 2013, at Santa Ana, California.

/s/ Abbas Kazerounian
Abbas Kazerounian

PROOF OF SERVICE