# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HOLT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>Defendant. | CASE NO. 11cv3046 DMS (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 42]** |

This case comes before the Court on Defendant Redbox Automated Retail, LLC's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. In the motion, Defendant raises an as-applied challenge to the constitutionality of the Telephone Consumer Protection Act ("TCPA"). After the hearing date on the motion, the United States attempted to file a brief defending the constitutionality of the TCPA. Because of the late filing, the Court struck the United States' brief. After further briefing from all parties, the Court granted the United States permission to file its brief, and gave the parties an opportunity to file a response. The United States thereafter filed its brief, to which the Defendant filed a response. After thoroughly considering the issues, the Court grants Defendant's motion.

///

///

# I.

# BACKGROUND

Plaintiffs Kathleen Holt and Sebastian Biagioni allege Defendant sent unsolicited text messages to their cellular telephones. (First Am. Compl. ("FAC") ¶¶ 14-35.) Specifically, Plaintiff Holt alleges that on December 14, 2011, she received an unsolicited text message from Defendant. (*Id.* ¶ 14.) The following day, Plaintiff responded to Defendant's text message with a text message that read "STOP." (*Id.* ¶ 15.) In response to that text message, Defendant sent another text message to Plaintiff's phone which forms the basis of this lawsuit. (*Id.* ¶ 16.) It stated:

> You are now unsubscribed from REDBOXALERTS, sorry to see you go. For more info, visit http://ix.ly/727272. Msg&data rates may apply.

Plaintiff Biagioni received a text message from Defendant on December 21, 2012, similar to the one Holt received on December 14, 2011. (*Id.* ¶ 24.) Like Plaintiff Holt, Plaintiff Biagioni responded to Defendant's text message with a text message that read "STOP." (*Id.* ¶ 25.) In response, Defendant sent another text message to Plaintiff Biagioni's phone. (*Id.* ¶ 26.) It stated:

> You are now unsubscribed from Redbox Tickets Text Club and will not receive further messages. For more info, visit http://ix.ly/cs. Msg&data rates may apply.

On December 30, 2011, Plaintiff Holt filed the original Complaint in this case on behalf of herself and all others similarly situated alleging that Defendant's text messages violated the TCPA. In response to the Complaint, Defendant filed a motion to dismiss. While that motion was pending, Defendant requested that the Court stay the case pending the outcome of a proceeding before the Federal Communications Commission ("FCC"). That proceeding involved a central issue in this case, namely, whether a text message like the one at issue here violates the TCPA. After Plaintiff filed a notice of non-opposition to Defendant's request, the Court stayed the case pending a ruling from the FCC.

The FCC issued its ruling on the Petition of SoundBite Communications, Inc. ("*SoundBite*") on November 29, 2012. *See* 27 F.C.C. Rec. 15391. In *SoundBite*, the FCC found that "sending a one-time text message confirming a consumer's request that no further text messages be sent does not violate the Telephone Consumer Protection Act (TCPA) or the Commission's rules as long as the confirmation text has the specific characteristics described in the petition." *Id.* Those characteristics include

1  "confirmation texts that: 1) merely confirm the consumer's opt-out request and do not include any
2  marketing or promotional information; and 2) are the only additional message sent to the consumer after
3  receipt of the opt-out request." *Id.* at 15394 n.31. The FCC stated that its ruling "applies only when the
4  sender of text messages has obtained prior express consent, as required by the TCPA and Commission
5  rules, from the consumer to be sent text messages using an automatic telephone dialing system or
6  'autodialer.'" *Id.* at 15391. The FCC concluded that for texts of this type, "a consumer's prior express
7  consent to receive text messages from an entity can be reasonably construed to include consent to
8  receive a final, one-time text message confirming that such consent is being revoked at the request of
9  that consumer." *Id.* at 15394.

10  After this Ruling, the parties filed a joint motion for leave to file a First Amended Complaint.
11  The Court granted that motion, and Plaintiffs Holt and Biagioni filed the First Amended Complaint on
12  January 22, 2013. The present motion followed.

## II.

## DISCUSSION

15  Defendant moves to dismiss the First Amended Complaint in its entirety. It argues Plaintiffs
16  have failed to plead sufficient facts to support the element of an automatic telephone dialing system
17  ("ATDS"), and asserts that application of the relevant section of the TCPA to the facts of this case
18  would violate the First Amendment. Defendant also contends its text messages do not violate the TCPA
19  under the FCC's Ruling in *SoundBite*.

20  **A.    Motion to Dismiss**

21  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
22  (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To
23  survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter,
24  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing
25  *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content
26  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
27  alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).
28  / / /

1  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

**B.  The TCPA**

The TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States ... to make any call (other than a call ... made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service ....

47 U.S.C. § 227(b)(1)(A)(iii).

"[T]he three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 2013 WL 1334909 (U.S. May 13, 2013), (citing 47 U.S.C. § 227(b)(1)). Here, among other arguments, Defendant asserts Plaintiffs must plead whether they gave prior express consent to receive any text messages from Defendant.

The parties dispute whether prior express consent (as opposed to lack of consent) is an element of a TCPA claim and must be alleged. Plaintiffs have refused to allege whether they consented to receiving text messages from Defendant. (*See* FAC ¶¶ 21, 31 (stating Plaintiffs do "not take a position as to the prior express consent of the [earlier text messages.]")) Plaintiffs cite an unpublished Ninth Circuit decision for the proposition that "express consent" is not an element of a TCPA claim, but rather is an affirmative defense for which the defendant bears the burden of proof. *See Grant v. Capital Management Services, L.P.,* No. 11-56200, 2011 WL 3874877, at *1 n.1 (9th Cir. Sept. 2, 2011) (quoting 23 F.C.C. Rec. 559, 565 (Jan. 4, 2008)) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent."). The Court agrees with that reasoning. The TCPA provides that "[c]alls otherwise in violation of the TCPA are not unlawful if made

'... with the prior express consent of the called party[.]'" *Id.* (quoting 47 U.S.C. § 227(b)(1)(A)). Therefore, the TCPA provides an *exception* to liability, which the defendant must prove. Simply put, if the caller has received prior consent from the called party to contact them, and can prove it, that is a complete defense under the TCPA.

Defendant nevertheless argues that Plaintiffs must plead whether they provided consent to receive the initial text messages sent by Defendant, citing the FCC Ruling in *SoundBite*. However, *SoundBite* did not address pleading requirements under the TCPA. The FCC ruled that sending a one-time text message confirming a consumer's request that no further text messages be sent does not violate the TCPA, as long as the text does not contain marketing or promotional information. While the FCC stated its ruling applies only when the sender of text messages initially had consent from the consumer to be contacted, that limitation simply tracks the requirements of the statute: that calls are not unlawful under the TCPA if made with the prior express consent of the called party.[1] 47 U.S.C. § 227(b)(1)(A). *SoundBite* does not purport to require a plaintiff to plead consent as a basis for TCPA relief; indeed, it is the *absence of consent* that establishes liability under the TCPA. Hence, a plaintiff must allege lack of consent as an element of his or her claim. *Meyer*, 707 F.3d at 1043.

Here, Plaintiffs plead they did not provide consent to Defendant for the *second* text message. (FAC ¶¶ 21, 31.) That is sufficient for pleading lack of consent under the TCPA.

Defendant's real argument is that Plaintiffs have attempted to avoid the reach of *SoundBite* by declining to state in their FAC whether they gave consent to Defendant's initial text message. If Plaintiffs admitted in the FAC they consented to the initial contact, then the second, confirming texts in response to Plaintiffs' opt-out requests would arguably fall squarely within *SoundBite* and would not violate the TCPA. However, whether Plaintiffs initially consented to receiving text messages from Defendant is irrelevant for purposes of determining whether a claim is adequately pleaded under the TCPA. What matters is whether Defendant sent Plaintiffs a text without their prior express consent.

///

---

[1] If a sender of text messages *never* had permission to contact the consumer, then *any* text message – other than a text made for emergency purposes – would be unauthorized by the consumer and proscribed by the TCPA. 47 U.S.C. § 227(b)(1)(A). Accordingly, the FCC's Ruling in *SoundBite* is predicated upon the caller initially having received consent to text the consumer.

1 Plaintiffs have pleaded that the confirming texts were sent without their permission, and thus they have
2 sufficiently alleged the lack of consent element of their claims.

3 Whether Plaintiffs have stated a claim, as a matter of law, however, is another matter. On this
4 issue, *Ibey v. Taco Bell Corp.*, No. 12-cv-0583-H (WVG), 2012 WL 2401972 (S.D. Cal. June 18, 2012),
5 is instructive. The essential facts in *Ibey* are similar to those in this case, namely that the plaintiff
6 received a text message from the defendant, to which he replied "STOP," and to which the defendant
7 then sent one additional text message confirming the plaintiff's request. While the plaintiff in *Ibey*
8 initially consented to receiving text messages from the defendant, the court found no violation for the
9 confirming text based solely upon its interpretation of the statute: "the TCPA does not impose liability
10 for a single, confirmatory text message." *Id.* at *3. It noted the purpose of the TCPA, which is to
11 "prevent unsolicited automated telemarketing and bulk communications." *Id.* The court further stated
12 that the "'purpose and history of the TCPA indicate that Congress was trying to prohibit use of ATDSs
13 [autodialers] in a manner that would be an invasion of privacy.'" *Id.* (quoting *Satterfield v. Simon &
14 Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009)). Based thereon, the court found that "[t]o impose
15 liability under the TCPA for a single, confirmatory text message would contravene public policy and
16 the spirit of the statute – prevention of unsolicited telemarketing in a bulk format." *Id.* That reasoning
17 tracks the Ninth Circuit's interpretation of the TCPA as stated in *Satterfield*, and is persuasive. The
18 TCPA does not impose liability for the single, confirmatory text messages alleged here. Plaintiffs have
19 therefore failed to state a claim as a matter of law.

20 Plaintiffs fare no better under *SoundBite*.[2] That Ruling, in pertinent part, considered the
21 substance of the text and concluded that a single, confirmatory text that does not contain marketing or
22 promotional information does not violate the TCPA. Here, Plaintiffs allege Defendant's confirming
23 texts include forbidden content: marketing and promotional information. Plaintiffs argue the texts
24 referenced a link to Defendant's website and solicited Plaintiffs to visit the website. According to

---

[2] The FCC's Ruling in *SoundBite* came down after *Ibey* and addressed the same issue – whether a confirming text violated the TCPA – by analyzing the content of the text as well as the scope of the consumer's consent: a consumer's prior express consent "can be reasonably construed to include consent to receive a final, one-time [confirming] text message" so long as the text does not contain marketing or promotional information. 27 F.C.C.Rec. 15394. Because Plaintiffs decline to allege whether they consented to Defendant's initial text messages, *SoundBite's* holding regarding consent need not be addressed on the present motion.

1  Plaintiffs, if the consumer clicks on the link it takes the consumer to Defendant's website where
2  Defendant offers deals, movies and games, among other things.
3        The Court, however, declines to adopt this "look through" approach to liability under the TCPA.
4  Rather, the Court looks to the texts themselves, and the texts at issue in this case do not contain any
5  marketing or promotional information for products or services. Plaintiffs' approach goes beyond what
6  is actually stated in Defendant's confirming texts and invites liability based on what a consumer would
7  find if he or she pursued the link. Because the language of the confirming texts does not contain
8  marketing or promotional information, the texts do not run afoul of *SoundBite* and cannot form the basis
9  for liability under the TCPA. Plaintiffs, therefore, have failed to state a claim as a matter of law.[3]

## II.
## CONCLUSION AND ORDER

12        For these reasons, the Court grants Defendant's motion to dismiss. The Clerk of Court shall
13  close the case.
14        **IT IS SO ORDERED**.
15  DATED: June 20, 2013

                             HON. DANA M. SABRAW
                             United States District Judge

---

[3] Because any amendment would be futile, the Court rejects Plaintiffs' request for leave to amend. In light of this holding, the Court declines to address Defendant's other arguments concerning the ATDS and the constitutionality of the TCPA.